IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 JUL 11 PM 4: 09

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| WILLIAM RAY INGRAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  NO.  05-2095 B/An |
| | ) |
| CITICORP CREDIT SERVICES, INC. | ) |
| (USA) d/b/a GOODYEAR CREDIT | ) |
| PLAN and BRYANT TIRE & | ) |
| APPLIANCE CENTER, INC. d/b/a | ) |
| GOODYEAR, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Citibank USA, National Association's ("Citibank") Motion to Stay Proceedings in Favor of Arbitration filed on June 2, 2005. United States District Judge J. Daniel Breen referred this matter to the Magistrate Judge for a determination and/or report and recommendation. For the reasons set forth below, the Court recommends the Motion be **GRANTED**.

### BACKGROUND

Plaintiff brought this action against Defendants in the Circuit Court for Shelby County, Tennessee alleging violations of the Tennessee Consumer Protection Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and for state law claims of misrepresentation, fraud, and intentional infliction of emotional distress. Defendants timely removed this action to the Court. Plaintiff opened a credit card account with Citibank in January

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-12-05

2004, and in opening that account, Plaintiff agreed to be governed by a written cardmember agreement (the "Agreement"). The Agreement contains an arbitration provision which reads, in pertinent part, that:

> **ARBITRATION:**
> **PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEEDINGS.**
>
> *Agreement to Arbitrate:*
> Either you or we may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us (called "Claims").

(Mem. in Supp. of Mot. to Stay, at 3).

Citibank filed the instant Motion to Stay requesting that the Court stay all proceedings in this matter in favor of arbitration, pursuant to the contract between Plaintiff and Citibank. Plaintiff did not file a response to the instant Motion, even though Plaintiff's counsel advised Citibank's counsel that "he would not be able to consent to the Motion and the relief sought therein." (Certificate of Consultation attached to Mot. to Stay, at 1).

## ANALYSIS

Citibank has asked the Court to stay these proceedings in favor of arbitration; therefore, the Court should "engage in a limited review to determine whether the dispute is arbitrable . . . ." *Bratt Enterprises, Inc. v. Noble Intern. Ltd.*, 338 F.3d 609, 612 (6th Cir. 2003). The Court should first determine whether a valid agreement to arbitrate exists. *Prima Paint Corp. v. Flood*

2

*& Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967). After determining a valid agreement exists, the Court should next determine if the dispute falls within the scope of the agreement. *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003).

Pursuant to the Federal Arbitration Act ("FAA"), federal law applies to a written provision in a contract "evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract." 9 U.S.C. § 2 (2004). Thus, the FAA governs any agreement to arbitrate contained in a contract relating to interstate commerce. The term interstate commerce means "commerce among the several states or with foreign nations." 9 U.S.C. § 1 (2004). This dispute involves credit card transactions and billing practices, which clearly implicate interstate commerce; therefore, the FAA governs the Agreement.

If a party fails to arbitrate, as required in a valid arbitration provision, the other party is entitled to "petition any United States district court . . . for an order directing that such arbitration proceed." 9 U.S.C. § 4 (2004). Courts should "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985); *see also Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). Moreover, courts have generally found that arbitration provisions in credit card agreements are binding and enforceable. *See, e.g., In re Foreign Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 401 (S.D.N.Y. 2003); *Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 831 (S.D. Miss. 2001). Citibank has gone so far as to cite for the Court other reported cases where federal courts have upheld the exact arbitration provision at issue in this case. *See, e.g., Taylor v. Citibank USA, N.A.*, 292 F. Supp. 2d 1333, 1346 (M.D. Ala. 2003).

3

As mentioned above, Plaintiff did not file a response to the instant Motion. "Failure to timely respond to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion." Local Rule 7.2(a)(2). Therefore, by not responding, the Court can only assume that Plaintiff received the Agreement and that Plaintiff does not dispute the terms of the Agreement or the arbitration provision located within the Agreement. Additionally, the arbitration provision is conspicuously contained within the Agreement, and it explains in detail what is involved in the arbitration process. As such, because the arbitration provision appears valid on its face and because Plaintiff has presented no reason why the Court should rule the arbitration provision inapplicable, the Court concludes that the arbitration provision should be held applicable in the instant case.

Because the arbitration provision is valid, the Court must determine if the dispute falls within the scope of the Agreement. "Where the arbitration clause is broad, only an express provision excluding a specific dispute, or 'the most forceful evidence of a purpose to exclude the claim from arbitration,' will remove the dispute from consideration by the arbitrators." *Highlands Wellmont Health Networks, Inc. v. John Deere Health Plan, Inc.*, 350 F.rd 568, 577 (6th Cir. 2003) (quoting *AT&T Tech. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986)). In this case, the arbitration provision is broad. Plaintiff's factual allegations are related to Citibank's practices of billing his credit card account and related to Citibank's practice of reporting Plaintiff's credit with respect to the account. Therefore, the Court concludes that the factual claims of Plaintiff are clearly within the scope of the arbitration agreement.

4

## CONCLUSION

Plaintiff did not respond to the instant motion. Moreover, because the Court has concluded the Plaintiff entered into a valid arbitration agreement with Citibank and because the Court has concluded that Plaintiff's claims are within the scope of the arbitration agreement, the Court recommends that Citibank's Motion be **GRANTED**. The instant proceedings should be stayed in favor of arbitration.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

*S. Thomas Anderson*
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: July 08, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 20 in case 2:05-CV-02095 was distributed by fax, mail, or direct printing on July 12, 2005 to the parties listed.

---

Kenneth M. Bryant
MILLER & MARTIN LLP
150 4th Ave., N.
Ste. 1200
Nashville, TN 37219--243

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

R. Alan Pritchard
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Gary C. McCullough
MCCULLOUGH & MCCULLOUGH
9050 Corporate Gardens Dr.
Germantown, TN 38138

Honorable J. Breen
US DISTRICT COURT